## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Stephen W. Byerly, Sr., | : | Case No. 1:05CV1095 |
| Petitioner | : | Judge Peter C. Economus |
| v. | : | Magistrate Judge David S. Perelman |
| James Haviland[1], Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

      In this pro se petition in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his October 16, 2002 conviction pursuant to a jury trial of aggravated murder upon which he is currently serving a sentence of life imprisonment;[2] one count of aggravated burglary, upon which he was sentenced to nine years incarceration; four counts of kidnapping, upon which he was sentenced to seven years incarceration on each count to be served concurrently; with an additional three years incarceration imposed upon firearm specifications on the primary charges; and one count of violation of a protective order, upon which he was sentenced to six months incarceration to be served concurrently with the felony sentences.

      Petitioner's convictions arose consequent to a an argument between petitioner and his former

---

[1] Mr. Haviland no longer serves as Warden of the Southern Ohio Correctional Facility, but has been replaced by Mr. Edwin Voorhies.

[2] Petitioner was originally indicted for aggravated murder (felony murder, with aggravated burglary as the predicate offense), but then was re-indicted to add another count of aggravated murder with prior calculation and design as a consequence of newly discovered evidence. Both charges included aggravating circumstances specifications. The two indictments were joined for purposes of trial and, after he was found guilty on all charges, the trial court merged the two aggravated murder convictions for sentencing.

friend, Mr. Robert Hayes, who petitioner accused of having an affair with petitioner's wife.

Petitioner appealed his convictions to the Ohio Fifth District Court of Appeals alleging one assignment of error:

> I. The trial court's denial of appellant's motion to give a jury instruction on voluntary manslaughter deprived appellant of his right to due process of law and a fair trial as guaranteed by the Ohio and U.S. Constitutions.

On December 17, 2003 the appellate court affirmed the convictions.

On January 26, 2004 petitioner appealed to the Ohio Supreme Court the affirmance of his convictions, alleging the following sole proposition of law:

> **Proposition of Law No. I:** The trial court's denial of appellant's motion to give a jury instruction on voluntary manslaughter deprived appellant of his right to due process of law and a fair trial as guaranteed by the Ohio and U.S. Constitutions.

On April 28, 2004 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On May 2, 2005 the petitioner filed the instant pro se petition, in which he raises the following four claims for relief:

> **A. GROUND ONE:** CONVICTION OBTAINED BY FALSE TESTIMONY AND PERJURIES USE OF HEARSAY TESTIMONY & EVIDENCE FROM A PENDING TRIAL 01-CRB-6801.
>
> **Supporting FACTS:** All prosecution witnesses committed perjury, is 50 pages typed of false testimony in attached brief tampering with evidence, contamination of crime scene, shows eyewitness lied under oath, to jury stated I.D. of weapon, then in 911 call shows she has no idea what kind of weapon it was, see brief info.  Evidence used from

2

another case, is dated 12/27/01 and incident of murder incident dated 1/2/02 pending case never taken to trial or dismissed.

**B. GROUND TWO:** DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL, AND DUTY WAS BEYOND PROFESSIONAL NORMS. GAVE UP LOYALTY, BOTH TRIAL ATTORNEYS AND APPELLANT.

**Supporting FACTS:** Conflict of interest between counsel and Defendant, not competent or effective. Counsel gave up loyalty, first to media day before the trial second at trial in front of jury stated to all I took full responsibility for Robert Hayes' death, gave up loyalty one of most important duties of counsel and beyond wide range of professional norms, see brief for further acts. Denied any witnesses even alibi and eyewitness & no mitigation both medical and mental records suppressed show totally disabled person.

**C. GROUND THREE:** PROSECUTION AND JUDICIAL MISCONDUCT, ALSO POLICE MISCONDUCT PROSECUTION, INFECTED MY JURY BY INTRODUCING EVIDENCE OF ANOTHER CASE.

**Supporting FACTS:** Presented domestic abuse photo's from a pending Case No. 01-CRB-6801 and still pending after trial. Have document attached to prove it, never taken to trial or convicted of. Prosecution, failed to prove all elements of crime in RR. Vol. IV PG 878 Sen. 24 and in TR. Vol. V conflict between ballistic's & coroner never resolved. See brief. Judge Bias, stated counsel no permitted to argue there case or quote law. TR. Vol. IV PG. 903.

**D. GROUND FOUR:** CONVICTION OBTAINED BY COERCED CONFESSION & TORTURE! & FAILED PROMISES AND LIES BY POLICE OFFICERS IN STEPHEN'S 911 CALLS (79) SEN.

**Supporting FACTS:** Arrested at 1246 Caldwell Street under gunpoint, over 15 guns pointed at me. Handcuffed stated under arrest, by Swat and escort officers, dragged to car thrown into car. Asked for counsel was denied, see brief further info. While in heart attack and diabetic seizure in Stephens 911 calls denied medical help! Further details in brief, allowed prosecution's witnesses across crime scene same day as incident contaminated crime scene & court transcript.

3

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[3]

Respondent asserts at the outset that petitioner has procedurally defaulted each of his claims for relief in light of the fact that he did not raise them to any state court.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court.  Baldwin v. Reese, 541 U.S. 27 (2004);  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.2d 322, 326 (6th

---

[3]There are no issues of untimeliness in this case.

4

Cir. 1987), cert. denied, 532 U.S. 958 (2001).  Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004).  It is not enough to present the facts giving rise to the federal claim raised in habeas corpus;  a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  Even if a claim is related, but distinct, the claim is nonetheless defaulted.  Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim.  Gray v. Netherland, 518 U.S. 152,162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982).  For example, mere use of the term "ineffective assistance" would not alert the state courts of the federal nature of a claim.  Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust.  Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  For example, under a longstanding Ohio procedural rule a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1979), which in turn would leave no remaining available state remedies to exhaust.

However, having survived the exhaustion analysis a petitioner would nonetheless be barred from

presenting claims for relief in habeas corpus which were not presented in the state courts unless he/she demonstrates cause for failure to fairly present the claims to the state courts and actual prejudice to the petitioner's defense at trial or on appeal.  Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004); Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S. Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002).

Turning to the present case, petitioner has clearly failed to raise his claims for relief to any state court, but would now be barred from raising those claims in a delayed appeal or in a petition for post-conviction relief, so that there would be no remaining avenues for exhaustion of those claims.  That being so, he is required to show cause for the failure to fairly present his claims to the state courts and actual prejudice to his defense at trial or on appeal, neither of which he has demonstrated in these proceedings.  As a consequence, this Court concludes that petitioner's claims for relief have been procedurally defaulted, and may not be considered.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN<br>
United States Magistrate Judge

DATE:   September 21, 2005

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).